**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| SAMUEL SNELL, individually and on behalf of all others similarly situated, | § § § | |
| Plaintiff, | § § § § | |
| *vs.* | § § | Civil Action No. 4:21-cv-00919 |
| G.J. CHAVEZ AND ASSOCIATES, P.C. and DOES 1 to 10, | § § § | |
| Defendants. | § § § | |

---

**CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT AND TEXAS DEBT COLLECTION ACT AND DEMAND FOR JURY TRIAL**

---

Plaintiff, SAMUEL SNELL ("SNELL"), individually and on behalf of all others similarly situated, by way of Complaint against Defendants, G.J. CHAVEZ AND ASSOCIATES, P.C. ("CHAVEZ") and DOES 1 to 10 ("DOES"), states:

## I.    NATURE OF THE ACTION

1.    Plaintiff, individually and on behalf of the class he seeks to represent, and demanding a trial by jury, against Defendants who used unfair, unconscionable, false, deceptive, and misleading practices, and other illegal practices, in connection with their attempts to collect alleged debts from him and other similarly situated consumers. Plaintiff alleges that Defendants' collection practices violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 (FDCPA), *et seq.* and Texas Debt Collection Act (TDCA), Tex. Fin. Code § 392, *et seq.*

2.    The FDCPA regulates the behavior of collection agencies who attempt to collect debts asserted to be owed or due another. The United States Congress found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and

has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a) - (e).

3.      The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. In reviewing an FDCPA complaint, courts "must evaluate any potential deception in the letter under an unsophisticated or least sophisticated consumer standard, assuming that the plaintiff-debtor is neither shrewd nor experienced in dealing with creditors." *McMurray v. ProCollect, Inc*., 687 F.3d 665 (5th Cir. 2012).

4.      To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection practices and names a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct. 15 U.S.C. § 1692e(1)-(16). Among these *per se* violations are: making false representations concerning the character, amount, or legal status of any debt, 15 U.S.C. § 1692e(2)(A); making false representations or implications that any individual is an attorney or that any communication is from an attorney, 15 U.S.C. § 1692e(3); the threat to take any action that cannot legally be taken or that is not intended to be taken, 15 U.S.C. § 1692e(5); the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, 15 U.S.C. § 1692e(10); and failure to disclose in subsequent communications with consumers that the communication is from a debt collector, 15 U.S.C. § 1692e(11).

5.      To prohibit unconscionable and unfair practices, the FDCPA at 15 U.S.C. § 1692f, outlaws the use of unfair or unconscionable means to collect or attempt to collect any

debt and names a non-exhaustive list of certain *per se* violations of unconscionable and unfair collection conduct. 15 U.S.C. §§ 1692f (1)-(8). Among these *per se* violations are: the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law, 15 U.S.C. § 1692f(1).

6.    The TDCA, like the FDCPA, prohibits debt collectors from using deceptive, coercive, threatening, abusive, and other repugnant practices when collecting a consumer debt. Tex. Bus. & Com. Code Ann § 17.50; *Cushman v. GC Services, L.P.*, 397 Fed. Appx. 24 (5th Cir. 2010) (discussing the "tie-in" provision between the TDCA and deceptive practices Acts).

7.    Plaintiff, on behalf of himself and others similarly situated, seeks statutory damages, injunctive relief, attorney fees, costs, and all other equitable or legal relief this Court deems appropriate under the FDCPA, TDCA, and other common law or statutory regimes.

8.    This case involves an obligation, or an alleged obligation, primarily for personal, family, or household purposes, and arising from a transaction or alleged transaction. As such, this action arises out of "consumer debt" as that term is defined by Tex. Fin. Code § 392.001(2).

## II.    PARTIES

9.    SNELL is a natural person.

10.    At all times relevant to this Complaint, SNELL was a citizen of, and resided in Denton County, Texas.

11.    CHAVEZ is a law firm organized under Texas law as a for-profit professional corporation.

12.    CHAVEZ maintains its principal place of business at 1100 East Campbell Road, Suite 240, Richardson, Texas 75081.

13.     DOES are sued under fictitious names as their true names and capacities are yet unknown to Plaintiff. Plaintiff will amend this complaint by inserting the true names and capacities of the DOE defendants once they are ascertained.

14.     DOES are natural persons and/or business entities all of whom reside or are located within the United States who personally created, instituted and, with knowledge that such practices were contrary to law, acted consistent with, conspired with, engaged in, and oversaw CHAVEZ's violative policies and procedures used by its employees that are the subject of this Complaint. DOES personally control, and engaged in, the illegal acts, policies, and practices used by CHAVEZ and, thus, are personally liable for all wrongdoing alleged in this Complaint.

## III.    JURISDICTION AND VENUE

15.     This Court's jurisdiction arises under 15 U.S.C. § 1692k(d), and 28 U.S.C. §§ 1331 and 1337.

16.     Supplemental jurisdiction for Plaintiff's state law claims arises under 28 U.S.C. § 1367.

17.     Venue is appropriate in this federal district pursuant to 28 U.S.C. § 1391 because the events giving rise to the claims occurred within this federal judicial district, and because the named Defendants regularly transacts business within this federal judicial district and, therefore, reside in this federal judicial district within the meaning of 28 U.S.C. § 1391(b) and (c).

## IV.    FACTUAL ALLEGATIONS

18.     CHAVEZ regularly collects or attempts to collect, directly or indirectly, defaulted consumer debts owed to others.

19.     CHAVEZ uses the mail, telephone, internet, and other instruments of interstate commerce when attempting to collect defaulted consumer debts owed to others.

20.     CHAVEZ has an active $10,000 surety bond filed with the Texas Secretary of

State, which is a precondition for it to engage in third-party debt collection in Texas.

21.     SNELL incurred a financial obligation to Montana State University ("MSU") for personal, family, or household purposes, namely his education tuition.

22.     After SNELL defaulted on the financial obligation, CHAVEZ filed a lawsuit against SNELL to collect it ("the Debt").

23.     On or about November 28, 2017, SNELL and CHAVEZ entered into a settlement in which SNELL paid $2,302.47 to fully settle the Debt.

24.     CHAVEZ's "legal assistant," Cisco Valencia, sent SNELL a letter dated November 28, 2017 ("11/28/17 Letter") memorializing the settlement agreement. A true copy of the 11/28/17 Letter is attached as ***Exhibit A***.

25.     The 11/28/17 Letter identified CHAVEZ's reference number as CID 2483.

26.     On December 28, 2017, SNELL paid CHAVEZ $2,304.47—two dollars more than the settlement required—using his bank debit card. Attached as ***Exhibit B*** is a true copy of SNELL's bank statement reflecting his foregoing payment to CHAVEZ, with certain redactions made to protect SNELL's privacy.

27.     On January 1, 2018, SNELL sent Cisco Valencia an email, confirming whether CHAVEZ finalized his payment and asking what needed to be done to close CHAVEZ's lawsuit ("1/1/18 Email").

28.     On January 3, 2018, Cisco Valencia replied to SNELL's 1/1/18 Email confirming CHAVEZ received SNELL's payment and had already posted it to his account ("1/3/18 Email").

29.     The 1/3/18 Email also informed SNELL that Cisco Valencia would "prepare a Notice of Nonsuite [sic]" and file it with the court, and send SNELL a letter confirming his "payment has satisfied the amount due."

30.      A true copy of the 1/1/18 Email and 1/3/18 Email are attached as ***Exhibit C***.

31.    Two years and 9 months later, CHAVEZ sent SNELL a collection letter dated September 1, 2021 ("9/1/21 Letter"). A true copy of the 9/1/21 Letter is attached as ***Exhibit D***.

32.    The 9/1/21 Letter claims SNELL still owes an additional $172.53 on the Debt.

33.    The 9/1/21 Letter's is written on CHAVEZ letterhead and, therefore, SNELL understood that a licensed attorney had reviewed his account, made a professional decision that it was appropriate to send him a collection letter, and thus instructed his office to send SNELL the 9/1/21 Letter.

34.    SNELL understood that the 9/1/21 Letter was the work product of one or more licensed attorneys, who reviewed and approved it, prior to mailing the letter.

35.    The 9/1/21 Letter also referenced a "Case ID 2483," which SNELL understood to mean that CHAVEZ was continuing to litigate the prior lawsuit against despite previously information him that it would dismiss that action.

36.    The 9/1/21 Letter failed to disclose the name of the creditor and, thus, also caused SNELL to believe it was possible CHAVEZ could collecting a different debt from him.

37.    The 9/1/21 Letter failed to disclose SNELL's statutory rights, including his right to dispute the Debt, as required by 15 U.S.C § 1692g(3)-(5).

38.    The 9/1/21 Letter failed to state, as required by 15 U.S.C. § 1692e(11) that CHAVEZ was "attempting to collect a debt and that any information obtained will be used for that purpose" and that the Letter was a communication from a debt collector.

39.    SNELL was confused and distressed by the 9/1/21 Letter because nearly four years earlier CHAVEZ informed him his "payment has satisfied the amount due" on the Debt.

40.    As a result of receiving the 9/1/21 Letter, and not knowing what to do about it, SNELL incurred the time and expense of seeking an attorney to help him resolve the Debt.

## V.    CLASS ALLEGATIONS

41.    Plaintiff brings this action individually and as a class action on behalf of all other persons similarly situated pursuant to Fed. R. Civ. P. 23.

42.    Subject to discovery and further investigation which may cause Plaintiff to modify the class definition to be more or less inclusive, Plaintiff defines the "Class" to include:

> All natural persons with a Texas address to whom CHAVEZ sent a written communication during the Class period beginning November 21, 2020 and ending December 12, 2021, which failed to state that the communication is from a debt collector.

43.    The Class excludes each person who, prior to the date this action is certified to proceed as a class action, either (a) died, (b) obtained a discharge in bankruptcy, (c) commenced an action in any court against Defendants alleging a violation of the FDCPA or the TDCA based on a letter, or (d) signed a general release of claims against CHAVEZ. The Class also excludes Plaintiff's counsel, or an employee or family member of Plaintiff's counsel.

44.    Based on discovery and further investigation (including, but not limited to, disclosure of class size and net worth), Plaintiff may, in addition to moving for class certification using modified definitions of the Class and Class Claims, seek class certification only as to particular issues as permitted under Fed. R. Civ. P. 23(c)(4).

45.    The identity of each Class member is readily ascertainable from CHAVEZ's records and the records of the entities on whose behalf CHAVEZ sought to collect debts.

46.    This action is brought, and may properly be maintained as, a class action under Fed. R. Civ. P. 23(a) because there is a well-defined community interest in the litigation in that:

46.01.    *Numerosity*. The Class members are so numerous and geographically disbursed that joinder of all members is impractical. On information and belief, there are at least 40 Class members.

46.02.    *Commonality*. Common questions of law and fact exist as to all Class members, the principal issues are: whether Defendants' conduct, as described above, was the same or substantially similar with respect to Defendants' attempts to collect debts from the Plaintiff and Class members; and whether such conduct violated the FDCPA and TDCA.

46.03.    *Typicality*. Plaintiff's claims are typical of Class members' claims because the claims arise from Defendants' standardized course of conduct as set forth in the *Factual Allegations*.

46.04.    *Adequacy*. Plaintiff will fairly and adequately protect Class members' interests because Plaintiff's interests are not averse to the absent class members and because he is committed to vigorously litigating this matter. Plaintiff retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions.

47.    This action may be maintained under Fed. R. Civ. P. 23(b)(3) because the questions of law and fact common to Class members predominate over any questions affecting any individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The individual joinder of all Class members is impracticable, class action treatment will permit a large number of similarly situated persons to efficiently prosecute their common claims in a single forum without unnecessary duplication of effort and expense that individual actions engender, an important public interest is served by addressing the matter as a class action, substantial expenses to the litigants and to the judicial system will be realized, and difficulties are unlikely in the management of a class action.

## VI.    COUNT ONE: VIOLATION OF THE FDCPA

48.    The Factual Allegations are incorporated by reference.

49.    CHAVEZ is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

50.    The Debt is a "debt" within the meaning of 15 U.S.C. § 1692a(5).

51.    SNELL is a "consumer" within the meaning of 15 U.S.C. § 1692a(3).

52.    The 9/1/21 Letter is a "communication" within the meaning of 15 U.S.C. § 1692a(2).

53.    Defendants violated the FDCPA with respect to Plaintiff.

54.    Such failure includes but is not limited to:

54.01.    Using false, deceptive, and misleading representations and means in connection with the collection of any debt in violation of 15 U.S.C. § 1692e;

54.02.    Falsely representing the character, amount, or legal status of any debt, in violation of 15 U.S.C. § 1692e(2)(A);

54.03.    Falsely representing or implying that any communication is from an attorney in violation of 15 U.S.C § 1692e(3);

54.04.    Threatening to take any action that cannot legally be taken in violation of 15 U.S.C § 1692(5);

54.05.    Using false representations and deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer in violation of 15 U.S.C. § 1692e(10);

54.06.    Failing to disclose in the initial written communication with the consumer that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a

debt collector in violation of 15 U.S.C. § 1692e(11);

54.07.    Using unfair or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. § 1692f;

54.08.    Collecting an amount (including any interest, fee, charge, or expense incidental to the principal obligation) that is not expressly authorized by the agreement creating the debt or permitted by law in violation of 15 U.S.C. § 1692f(1);

54.09.    Failing to disclose the name of the creditor in violation of 15 U.S.C. § 1692g(a)(2); and

54.10.    Failing to provide the disclosures required by 15 U.S.C. § 1692g(a)(3)-(5).

55.    The Defendants' illegal conduct invaded Plaintiff's rights which are protected by the FDCPA, the invasion of which caused him injury-in-fact.

56.    Based on a single violation of the FDCPA, Defendants are each liable to Plaintiff and, if this case is maintained as a class action under Fed. R. Civ. P. 23, to the Class for such relief as allowed under 15 U.S.C. § 1692k.

## VII.    COUNT TWO: VIOLATION OF THE TDCA

57.    The Factual Allegations are incorporated by reference.

58.    CHAVEZ is engaged in the act and/or practice of "debt collection" as that term is defined by Tex. Fin. Code § 392.001(5).

59.    CHAVEZ is a "debt collector" within the meaning of Tex. Fin. Code § 392.001(5).

60.    CHAVEZ is a "third-party debt collector" as that term is defined by Tex. Fin. Code § 392.001(7).

61.    The Debt is a "consumer debt" as defined by Tex. Fin. Code § 392.001(2).

62.     SNELL is a "consumer" within the meaning of Tex. Fin. Code § 392.001(1).

63.     Defendants violated the TDCA including but not limited to:

63.01.  Failing to clearly disclose the name of the person to whom the debt has been assigned or is owed when making a demand for money in violation of Tex. Fin. Code 392.304(a)(4);

63.02.  Failing to disclose that the communication is an attempt to collect a debt and that any information obtained will be used for that purpose in violation of Tex. Fin. Code 392.304(a)(5)(A);

63.03.  Failing to clearly disclose that the communication is from a debt collector in violation of Tex. Fin. Code 392.304(a)(5)(B);

63.04.  Misrepresenting the character, extent, or amount of a consumer debt and whether a legal obligation exists for the consumer to pay it in violation of Tex. Fin. Code § 392.304(a)(8);

63.05.  Using a communication that purports to be from an attorney or law firm when it is not, in violation of Tex. Fin. Code. 392.304(a)(16); and

63.06.  Using a false representation or deceptive means to collect a debt in violation of Tex. Fin. Code § 392.304(a)(19).

64.     The Defendants' illegal conduct invaded Plaintiff's rights which are protected by the TDCA, the invasion of which caused injury-in-fact.

## VIII.   PRAYER FOR RELIEF.

65.     WHEREFORE, Plaintiff respectfully requests the Court enter judgment against Defendants, jointly and severally, as follows:

### A.   *With respect to Court One:*

65.01.  Certifying that this action may be maintained as a class action under

Fed. R. Civ. P. 23 including defining the Class and Class claims, and

appointing Plaintiff to represent the Class and his attorneys as Class counsel;

65.02.  Awarding Plaintiff statutory damages under 15 U.S.C. § 1692k(a)(2)(A) and

§ 1692k(a)(2)(B)(i);

65.03.  Awarding Class members statutory damages under 15 U.S.C.

§ 1692k(a)(2)(B)(ii);

65.04.  Awarding Plaintiff an incentive payment for his services to the Class in an

amount the Court determines after judgment is entered in favor of the Class;

65.05.  Adjudging this action to be a successful action under 15 U.S.C.

§ 1692k(a)(2)(B)(3) and awarding reasonable attorneys' fees including

litigation expenses;

65.06.  Awarding costs of suit as allowed by law; and

65.07.  For such other and further relief the Court determines is just and proper.

**B.    *With respect to Count Two:***

65.08.  Certifying that this action may be maintained as a class action under

Fed. R. Civ. P. 23 including defining the Class and Class claims, and

appointing Plaintiff to represent the Class and his attorneys as Class counsel;

65.09.  Awarding injunctive relief under Tex. Fin. Code § 392.403(a)(1) to restrain

Defendants' further violations of Chapter 392 of the Texas Finance Code;

65.10.  Awarding Plaintiff an incentive payment for his services to the Class in an

amount the Court determines after judgment is entered in favor of the Class;

65.11.  Adjudging Plaintiff successfully maintained an action under Tex. Fin. Code

§ 392.403(a), and awarding reasonable attorney's fees and costs under Tex.

Fin. Code § 392.403(b);

65.12.  Awarding costs of suit as allowed by law; and

65.13.  For such other and further relief the Court determines is just and proper.

## IX.    JURY DEMAND.

66.    Demand is hereby made for trial by jury.

Dated: November 21, 2021                          Respectfully submitted,

                                        *s/ Andrew T. Thomasson*
                                        Andrew T. Thomasson, Lead Counsel
                                        (NJ Bar No. 048362011)
                                        Francis R. Greene (NJ Bar No. 048362011)
                                        Benjamin T. Trotter (SBN 048362011)
                                            THOMASSON PLLC
                                        16500 San Pedro Avenue, Suite 215
                                        San Antonio, TX 78232
                                        Telephone: (973) 312-0774
                                        Facsimile:  (973) 559-5779
                                        E-Mail: Andrew@Thomassonpllc.com
                                        E-Mail: Andrew@Thomassonpllc.com
                                        E-Mail: Ben@Thomassonpllc.com

                                        *Attorneys for Plaintiff, Samuel Snell*

# EXHIBIT "A"

# G.J. CHAVEZ & ASSOCIATES

*A Professional Corporation*

1100 E. Campbell Road, Suite 240
Richardson, Texas 75081

Office 972-705-5374
Toll Free 800-701-7356
Fax 972-705-5105

www.chavez-lawfirm.com

November 28, 2017

Samuel Snell
2026 Churchill Downs Ln
Roanoke, TX 76262

Submitted Via email to: sam.snell@ymail.com

RE: Cause Number: C17-147J4; *In the Matter of Montana State University v. Samuel J. Snell*, In the Justice of the Peace Court, Precinct 4, Denton County, Texas.

Dear Mr. Snell:

May this letter serve as a written agreement between our client, Montana State University and yourself in regard to the settlement offer for the amount owed of the unpaid debt. As agreed upon, our client has agreed to the offer of the lump sum amount of $2,302.47 to be made as a one-time payment. Should payment not be received within 30 days of this agreement date, Montana State University will resume its action to collect on the original principal amount, including costs and fees, making this agreement void.

A check or Money Order can be made out to: G.J. Chavez and Associates, P.C. and should reference: CID 2483: Montana State University #3666767. Payment can also be dropped off at our office located at: 1100 E. Campbell Rd., Ste. 240, Richardson, TX 75081.

If you have any questions, please don't hesitate to contact me.

Sincerely,

G. J. Chavez & Associates, P.C.

Cisco Valencia
*Legal Assistant to Guillermo J. Chavez*
1100 E. Campbell Road, Suite 240
Richardson, Texas  75081
Tel. (972) 705-5374
Fax (972) 705-5105

# EXHIBIT "B"



**NAVY**
**FEDERAL**
Credit Union
PO Box 3000 • Merrifield, VA • 22119-3000
navyfederal.org

**Statement of Account**
For SAMUEL JAMES SNELL

Statement Period
12/11/17 - 01/10/18

Access No ▌▌▌▌▌

**EveryDay Checking -** ▌▌▌▌▌                                      (Continued from previous page)

Joint Owner(s):  NONE

| Date | Transaction Detail | Amount($) | Balance($) |
|------|-------------------|-----------|------------|
| 01-02 | POS Debit- Debit Card 3771 12-28-17 G J Chavez & Assoc 972-705-5241 TX | 2,304.47- | |

**Items Paid**

| Date | Item | Amount($) | Date | Item | Amount($) |
|------|------|-----------|------|------|-----------|
| 01-02 | POS | 2,304.47 | | | |

# EXHIBIT "C"

**From:** Sam Snell [mailto:sam.snell@ymail.com]
**Sent:** Monday, January 01, 2018 1:52 PM
**To:** Francisco Valencia <fvalencia@gjclaw.com>
**Subject:** Re: Montana State University v. Samuel Snell

Hello Cisco,

Have you been able to finalize the payment? What is our next step to close this case?  Thanks for your time,

Samuel J. Snell

**From:** Francisco Valencia <fvalencia@gjclaw.com>
**To:** Sam Snell <sam.snell@ymail.com>
**Sent:** Wednesday, January 3, 2018, 01:13:47 PM CST
**Subject:** RE: Montana State University v. Samuel Snell

Hi Sam,

Yes I was able to makes sure payment had gone through today and I have already posted it onto your account on our end. Since we didn't file a Judgment I won't have to prepare a release of judgment but I will prepare a Notice of Nonsuite to be filed with the court and prepare a letter confirming that your payment has satisfied the amount due. I have to work on a couple of things that are yearend for us but I should have the nonsuit and letter prepared by Friday afternoon. Once I have them I'll get a hold of you and go over it with you.

If you have any questions, please don't hesitate to contact me.

Thanks and hope you had a great New Year.

*Cisco Valencia*

Legal Assistant

972-705-5374 main

972-705-5105 facsimile

*Under God and His principles, we promise to deliver high quality legal services to positively impact the lives of individuals and their business at a fair and reasonable fee.*

1100 E. Campbell Rd., Ste 240

Richardson, Texas 75081

www.chavez-lawfirm.com

# EXHIBIT "D"



1100 E. Campbell Road, Suite 240
Richardson, Texas 75081
Office 972-705-5374
Toll Free 800-701-7356
Fax 972-705-5105
www.chavez-lawfirm.com

09/01/2021

Samuel Snell
2026 Churchill Down Ln
Roanoke Tx, 76262

RE: Case ID 2483

Mr. Snell

This letter is to notify you that there is a balance due on your account, and it is at risk of being turned into the collections department. Our office records indicate that you have an **outstanding balance of $172.53**. Payments can be made through our website at www.GJChavezLaw.com/Pay-Online , mailing a check or money order, or you may give us a call to make a payment over the phone. For your convenience, we can also set up automatic recurring payments when you make a payment over the phone.

If you have any questions or concerns, please contact out office at (972) 705- 5374.

Sincerely,

Narce Ledesma
Receptionist

G.J. Chavez & Associates, P.C.
P: 972-705-5374
F: 972-705-5105
Info@GJCLaw.com

LAST NOTICE OF BALANCE DUE

1